**MAGISTRATE JUDGE'S MINUTES**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA – PHOENIX**

| | |
|---|---|
| **U.S. Magistrate Judge:** John Z. Boyle | **Date:** April 7, 2020 |
| **USA v. Austin Ryan Steinbart** | **Case Number:** 20-09119MJ-001-PHX-ESW |

**Assistant U.S. Attorney:** James Knapp for Raymond K. Woo
**Attorney for Defendant:** Benjamin Robert Good, Assistant Federal Public Defender
**Interpreter:** N/A
**Defendant:** ☒ Present  ☐ Not Present  ☒ Released  ☐ Custody  ☐ Summons  ☐ Writ

**PRELIMINARY HEARING**  ☒ Held  ☐ Continued  ☐ Submitted  ☐ Waived

Government's witness, Special Agent, Brian McCarthy was sworn and examined.

☒ Probable cause found as to the charges against the defendant  ☐ Dismissed  ☒ Defendant held to answer before District Court.

The Court finds there is sufficient evidence to sustain the charge presented in the Complaint. During the hearing, Defendant cited to *United States v. Dischner*, 974 F.2d 1502, 1515 (9th Cir. 1992) for the proposition that the government in an extortion case must prove "that the defendant did not have any claim of right, and knew he was not legally entitled to the property in question." The Court assumes for this hearing that the government must establish this element. *See United States v. Knotek*, 925 F.3d 1118, 1130 (9th Cir. 2019) (acknowledging a "'claim of right'" defense against economic fear-based extortion claims and that noting that "nonviolent threats of economic harm made to obtain property from another are not generally considered 'wrongful' when 'the alleged extortioner has a legitimate claim to the property obtained through such threats.'") (citations omitted); *United States v. Klos*, 2012 WL 4120413, at *1 (D. Ariz. 2012) (Allegations of extortion under "§ 875(d) should be interpreted to include a wrongfulness requirement."). But "an individual may be convicted of extortion or attempted extortion if the means used are inherently wrongful under the circumstances <u>or</u> if the individual has no lawful claim to the property demanded. *See United States v. Villalobos*, 748 F.3d 953, 956–57 (9th Cir. 2014)." *Knotek*, 925 F.3d at 1130 (underline added).

Here, the Court finds that there is probable cause to establish Defendant's threats and scheme to cause significant damage to Company B was inherently wrongful. In Defendant's YouTube video, he threatened an "economic blockade against Company B" with the intent to "degrade and destroy their ability to support their customers …until they either give us our files back or go out of business…." (Doc. 3 at 7.) Further, the Court finds there is sufficient evidence that Defendant had no lawful claim to the property demanded.  Company B suspended Defendant's account due to "violations of the Term of Service; which was related to a copyright claim submitted by a third party." (Id.) Defendant did not reply to "messages" from Company B regarding a copyright claim. (Id.) First, the materials were "digital files" Defendant labeled "the amorphous archive." (Doc. 3 at 6.) Defendant stated these materials were "curated wikileaks" and the company stated some of the files were labeled "CIA Documents."  Evidence of a copyright dispute, Defendant describing the documents as "curated wikileaks, and Defendant labeling them "CIA documents" is sufficient probable cause that Defendant did not have lawful claim to these files.  Second, Defendant's failure to reply in the normal course of business to more than one message from Company B is circumstantial evidence of Defendant's

| | |
|---|---|
| **USA v.** Austin Ryan Steinbart | **Date:** April 7, 2020 |
| **Case Number:** 20-09119MJ-001-PHX-ESW | Page 2 of 2 |

knowledge that he did not have a lawful claim to the property demanded. For a preliminary hearing, this evidence is sufficient. "[A] probable cause determination can be supported entirely by circumstantial evidence." *United States v. Diaz*, 491 F.3d 1074, 1078 (9th Cir. 2007).

**Recorded By** Courtsmart  
**Deputy Clerk** Sherise M. Hargrove

**PH    33 min**

**Start:  2:03 PM**  
**Stop:   2:36 PM**