# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. MJ- 20-09119-PHX-ESW |
| Plaintiff, | **AMENDED ORDER** |
| v. | |
| Austin Steinbart, | |
| Defendant. | |

Pending before the Court is the Defendant's "Motion to Extend Time to Indict and Exclude Time Under Speedy Trial Act." (Doc. 43.) After review, the Court will grant the Motion.

Accordingly,

**IT IS ORDERED** that the Motion (Doc. 43) is **granted**.

**IT IS FURTHER ORDERED** that the Court's extension of the indictment deadline and exclusion of time under the Speedy Trial Act are based on the following findings of fact:

1. The last day and time that a grand jury was in session in the District of Arizona was March 11, 2020 at 3:19 p.m.

2. Pursuant to D. Ariz. General Orders 20-12, 20-20, and 20-26 all grand jury proceedings were suspended as of March 16, 2020, and the grand jury will not be in session again until at least June 30, 2020.

3. Due to the effect of the public health recommendations on the ability of grand jurors and counsel to be present in the courtroom in light of the recent outbreak of Coronavirus Disease 2019 (COVID-19) and the well-documented concerns surrounding this virus, the time period for presentment to the grand jury in this case will need to be extended further. Fed. R. Crim. P. 6(a)(1) requires a grand jury to have between 16 and 23 members. On June 12, 2020, the CDC issued guidance for protocols that should be implemented to mitigate the spread of COVID-19 in public gatherings. Pursuant to General Order 20-26, grand jury proceedings will not resume in the District of Arizona until the Court reviews and approves measures to conduct grand jury operations in accordance with CDC protocols, including social distancing standards. Such protocols have not yet been approved. Therefore, the grand jury will not be in session again in the District of Arizona until at least June 30, 2020. Accordingly, the time for presentment of this case to the grand jury will be extended for an additional 30 days. This 30-day period shall be excluded under the Speedy Trial Act. The Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). In addition, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the time period specified in § 3161(b).

Dated this 19th day of June, 2020.

Honorable John Z. Boyle
United States Magistrate Judge