UNITED STATES DISTRICT COURT
ARIZONA – PHOENIX
June 26, 2020

USA v. Austin Ryan Steinbart                                         Case Number: 20-09119MJ

## AMENDED ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
   ☐ UNSECURED
   ☐ SECURED BY:
**SECURITY TO BE POSTED BY:**

**NEXT APPEARANCE:** as directed through counsel
☒ 401 West Washington St., Phoenix, AZ

FILED ____ LODGED
____ RECEIVED ____ COPY

JUN 2 6 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒ appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state or local crime.

☒ cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ IMMEDIATELY advise the Court, defense counsel, and the U.S. Attorney, in writing, PRIOR to any change in residence address, mailing address and telephone number.

☐ maintain or actively seek employment or combination work/school if defendant is physically or medically able and provide proof of such to Pretrial Services.

☒ not travel outside of the State of Arizona except defendant may travel directly to the prosecuting district, and through all states and counties between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless PRIOR Court or Pretrial Services permission is granted to do so.

☒ avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es), family members of victim(s)/witness(es). You may have contact with the victim company Amen Clinics as necessary for litigation.

☒ avoid all direct or indirect contact with the victim company, Datto.

☒ shall report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 260, Phoenix, AZ 85003.

☐ execute an agreement to forfeit the bond or designated property upon failing to appear as required:

☐ be released to the third-party custody of: and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☒ refrain from ☒ any ☐ excessive use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 U.S.C. 802 unless prescribed for defendant by a licensed medical practitioner in the course of his/her legitimate medical practice. This provision does not permit the use or possession of medicinal marijuana even with a physician's written certification.

☒ participate in drug/alcohol counseling/treatment and submit to drug/alcohol testing, including breathalyzer testing and make copayment toward the cost as directed by U. S. Pretrial Services. The defendant shall not interfere, obstruct or tamper in any way with the administration of any Court ordered substance abuse testing.

☐ surrender all travel documents to Pretrial Services by and shall not obtain a passport or other travel document during the pendency of these proceedings.

USA v. Austin Ryan Steinbart					Case Number: 20-09119MJ
**June 26, 2020**

Page 2 of 4

- ☐ not obtain a passport or other travel documents during the pendency of these proceedings.

- ☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

- ☒ must not have access to a firearm, ammunition, dangerous weapon, or destructive device.

- ☒ maintain weekly contact with his/her attorney by Friday, noon of each week.

- ☒ actively participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services.

- ☐ resolve all pending lower court matters and provide proof of such to Pretrial Services.

- ☐ not drive without a valid driver license.

- ☒ if you plan to change whether you work with/for Keystone Film Project, of the Wanderer Filmworks Collective, or anything about your work with/for Keystone Film Project, of the Wanderer Filmworks Collective (such as your position or your job responsibilities), you must notify the Pretrial Services officer at least 10 days before the change. If notifying the Pretrial Services officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the Pretrial Services officer within 72 hours of becoming aware of a change or expected change. When requested by Pretrial Services, you will provide proof of continued work for Keystone Film Project, of the Wanderer Filmworks Collective and Pretrial Services may contact Keystone Film Project, of the Wanderer Filmworks Collective to confirm Your employment including your work status, schedule, and responsibilities.

- ☒ reside at a residence pre-approved by Pretrial Services or the Court.

- ☒ you must not interact with someone you know is engaged in criminal activity.

- ☒ within 72 hours, you must remove from your social media accounts, and any social media accounts over which you have control, the posts referenced in the Complaint as follows: Doc. 3, pages 6-7, paragraphs 13 and 14; Doc. 3, pages 8-9, paragraphs 17 and 18; Doc. 3, page 6, paragraph 11.

### LOCATION MONITORING

The defendant shall participate in the following location monitoring program component(s) and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the court or Pretrial Services.

- ☐ **(Curfew)** The defendant is restricted to his/her residence every day ☐ from   to   or ☐ as directed by Pretrial Services.

- ☒ **(Home Detention)** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

- ☐ **(Home Incarceration)** The defendant is restricted to his/her residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

The defendant shall submit to the location monitoring technology indicated below and shall abide by all of the technological requirements and instructions provided by Pretrial Services.

- ☐ Location monitoring technology at the officer's discretion
- ☐ Radio Frequency (RF) Monitoring

USA v. Austin Ryan Steinbart                                                        Case Number: 20-09119MJ

June 26, 2020

Page 3 of 4

☐   Active GPS Monitoring

☐   Voice Recognition

## ADVICE OF PENALTIES AND SANCTIONS

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

If the person was released for appearance as a material witness, a fine as provided by law or imprisonment for not more than one year, or both.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: | SIGNATURE OF DEFENDANT |
|---|---|
| 26-JUN-2020 | [signature] |

USA, PTS/PROB, USM, DEFT, DEFT ATTY

| USA v. Austin Ryan Steinbart | Case Number: 20-09119MJ |
|---|---|
| June 26, 2020 | |

Page 4 of 4

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

SIGNATURE OF CUSTODIAN(S)

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.

DATE: June 26, 2020

*Deborah M. Fine*
United States Magistrate Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY