1
2
3
4

JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

5
6
7

BENJAMIN GOOD
New York State Bar #5415914
Asst. Federal Public Defender
Attorney for Defendant
benjamin_good@fd.org

8

IN THE UNITED STATES DISTRICT COURT

9

DISTRICT OF ARIZONA

10
11
12
13
14
15

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>      vs.<br><br>Austin Ryan Steinbart,<br><br>              Defendant. | No. MJ-20-09119<br><br>**MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR EXTENSION OF TIME TO INDICT (DOC. 54)** |

16
17
18
19
20

        Defendant Austin Ryan Steinbart, through the undersigned counsel, hereby respectfully moves for the Court to reconsider its Order (Doc. 54) granting the government's fourth motion to extend time to indict and exclude time under the Speedy Trial Act (Doc. 53).

21
22
23
24
25
26
27

        On March 21, 2020, Mr. Steinbart was charged by complaint with one count of extortion under the Computer Fraud and Abuse Act. Doc. 3. He was arrested at his home in Chandler, Arizona on March 31. Doc. 14. On April 3, he was ordered released subject to home incarceration. Doc. 13. On April 23, Mr. Steinbart was re-arrested on a petition to revoke his pretrial release. Docs. 18 & 22. On April 28, he was re-released after the Court found no pretrial release violation. Docs. 23 & 26. The government filed motions to extend time to indict on April 29, June 17, July

28

21, and August 21. Docs. 27, 43, 51, 53. All motions were opposed, and all motions were granted. Docs. 28, 45, 52, 54.

The latest order granting the government's motion to extend time, which Mr. Steinbart now seeks to have reconsidered, excluded time under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i) & (iii) on the grounds that "the ends of justice served by ordering the extension [of time] outweighs the best interests of the public and any defendant's right to a speedy trial" and that "a miscarriage of justice would result if time were not excluded under these unique circumstances [of the pandemic], during which it is unreasonable to expect return and filing of the indictment within the time period specified in § 3161(b)." Doc. 54 at 2. The Court noted in particular that General Order 20-27 had extended the suspension of grand jury proceedings, which began on March 16, 2020, until further order of the court. *Id.* at 2. Time was excluded from August 28 through September 27, 2020. *Id.* at 3.

Reconsideration of this order is warranted because the circumstances that existed when it was issued have changed materially. Mr. Steinbart is now in custody in dangerous conditions, which significantly heightens his interest in a speedy trial. *Cf. United States v. Harris*, -- F. Supp. 3d -- , 2020 WL 2539321, at *5 (E.D. Cal. May 19, 2020) ("A defendant's interest in a speedy trial is higher when he is detained awaiting trial, is detained in dangerous conditions, has invoked his speedy trial rights since the case's inception, and/or has been detained for a particularly long period of time."). Not only is he now in custody in a jail that has experienced a serious COVID-19 outbreak, but—as he explained at his September 8, 2020 detention hearing—he has been unable to eat a balanced diet while in custody because of his celiac disease, which requires his food and his utensils to have no contact with gluten. Mr. Steinbart has expressed to the government his intent to defend himself against the pending charge since the inception of this case, but given that he has not yet been indicted, he cannot even set a trial date. *Cf. United*

*States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir. 1986) (finding that a six-month delay between accusation and trial is a "borderline case" under the Sixth Amendment). And, although each order excluding time imposed a specific end date for its exclusion, the repeated exclusions have been effectively *sine die* given that there has been no end date in sight to the grand jury suspension.[1] *Cf. United States v. Didier*, 542 F.2d 1182, 1189 (2d Cir. 1976) ("In any event it was improper to extend the date for trial sine die rather than for a specific period of time.").

For these reasons, Mr. Steinbart respectfully requests that the Court reconsider and rescind its order (Doc. 54) extending time for him to be indicted and excluding time under the Speedy Trial Act.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) may result from this motion or an order based thereon.

Respectfully submitted,

JON M. SANDS
Federal Public Defender

 *s/Benjamin Good*
BENJAMIN GOOD
Asst. Federal Public Defender

---

[1]     The General Order upon which the Court relied in granting the latest extension of time has since been rescinded by General Order 20-35, which indicates that grand jury proceedings will resume "on or after September 21, 2020, as determined and scheduled by the United States Attorney's Office." G.O. 20-35. While this does suggest a possible end date for the suspension, the government was unable to say when asked at Mr. Steinbart's latest detention hearing when Mr. Steinbart will be indicted. Furthermore, General Order 20-35 "reserves the right" to re-suspend grand jury proceedings "at any time due to changing public health statistics." *Id.* Given the likelihood of a third wave of infections with schools and universities now open, it is far from certain that grand jury proceedings will resume in late September.